# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24674-Civ-KING/TORRES

TARALYN FIELDS,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

      Defendant.
_____/

## ORDER ON MOTION TO COMPEL

This matter is before the Court on Plaintiff's Motion to Compel [D.E. 29] better responses to interrogatories and production requests that were served back in March. After extensions of time and conferral efforts, the Motion seeks to compel better responses that remained in dispute between the parties (some of which have been mooted in the process of briefing the motion). Defendant responded in opposition to the Motion and Plaintiff replied. [D.E. 33, 37]. This Order on the remaining issues in dispute follows.

### A.  *Interrogatory No. 10*

This interrogatory relates to discovery into earlier incidents or claims substantially similar to the injuries alleged in this case. After conferral efforts, Defendant produced similar incidents for a three-year period on the subject vessel. Plaintiff agrees that such information was provided, but complains that the documents

produced do not provide the level of detail required by the interrogatory (such as passenger name, address, attorney if any, etc.). The Court will not compel a further answer on the representation that all available responsive information was provided. But, Defendant must review this representation again in response to this Order to assure that the Court was not left with a mis-impression in the response that no other known information is available beyond what was described in the produced documents. A supplemental response to the interrogatory shall clearly state that no other responsive information is in Defendant's possession or control. And of course if the corporate representative deposition does not then confirm that representation, sanctions might follow.

On the other hand, if additional details are discovered in response to this Order a supplemental answer shall be served accordingly.

### B. *Interrogatory No. 11(c)*

This interrogatory relates to discovery into the maintenance records and history of the subject elevator where the injuries alleged in this case took place. After conferral efforts, Defendant produced responsive documents for a three-year period on the subject vessel. Plaintiff agrees that such information was provided, but questions – in persuasive and thorough detail – that the documents produced are not complete. The Court will not compel a further answer on the representation that all available responsive documents were indeed provided, contrary to the inferences and conclusions drawn by Plaintiff's counsel. But, Defendant's counsel is Directed to review the Reply with knowledgeable employees to confirm that no additional responsive documents

exist and why Plaintiff's counsel's suspicions are not correct. A supplemental response to the interrogatory shall clearly state that no other responsive information is in Defendant's possession or control. And of course if the corporate representative deposition does not then confirm that representation, sanctions might follow.

On the other hand, supplemental production may be required to address the deficiencies cited in the reply. Give the manner in which Defendant's own documents are identified, counsel's conclusions that additional materials should exist are well founded. Defendant is Directed to certify the accuracy of its representations to assure that the production is in fact complete. Certainly, the corporate representative shall be prepared to address compliance with this Order at the deposition.

### C.  *Production Request No. 7*

Subject to the disclosures and production addressed in Interrogatory No. 10, the Court sustains the overbreadth objection to this production request (as originally worded) and finds no basis to compel further production. Plaintiff's position that an incident report must have been created every time an elevator landed short is not reasonable. Again, subject to complete production and identification of the incidents addressed earlier, Defendant has adequately responded to the requests seeking prior incident discovery. Plaintiff's concerns are also addressed through the Court's earlier treatment of elevator maintenance records for Interrogatory No. 11(c), which may also produce additional discovery through this Order. But the Court will not also compel any further response to this particular request.

Furthermore, the concerns raised in Plaintiff's reply can also be addressed through a deposition of the employee with most knowledge of the elevator maintenance on the vessel. And, again, if that deposition reveals that additional documentation could have been provided that shed further light on these performance problems, Plaintiff may have cause to seek relief. Based on the current record, the motion is Denied.

### D. *Production Request No. 21*

Subject to the disclosures and production addressed in Interrogatory No. 10 and 11(c), the Court sustains the overbreadth objection to this production request (as originally worded) and finds no basis to compel further production. The disciplinary history of every maintenance employee who worked on the vessel is minimally relevant; thus the need for production of this very tangential data is clearly outweighed by the burdens imposed. Certainly, complete review of all relevant maintenance records may allow Plaintiff to narrow the request to specific individuals for purposes of a new request. But absent that possibility, the Court agrees with Defendant that its objections to the current request are well founded. Based on the current record, the motion is Denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

Plaintiff's Motion to Compel [D.E. 29] is **GRANTED** in part and otherwise **DENIED**. All review and written supplementation/certification required herein shall be completed within fourteen days.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of October, 2016.

                                                                                   */s/ Edwin G. Torres*
                                                                                   EDWIN G. TORRES
                                                                                   United States Magistrate Judge